UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61920-CIV-DIMITROULEAS

TRACY SCHIANO,                                      Magistrate Judge Rosenbaum

     Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

     Defendant.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Report and Recommendation [DE 22] of Magistrate Judge Rosenbaum filed on May 5, 2009.  The Court has conducted a *de novo* review of the Report and Recommendations, the record, and Plaintiff Tracy Schiano's Objection to the Report and Recommendation [DE 24], and is otherwise fully advised in the premises.

Plaintiff objects to the Magistrate Judge's Report and Recommendation on several grounds.  First, Plaintiff objects to the Report's description of Dr. Grossman's functional assessment as "conclusory" and inconsistent with his treatment notes.  Plaintiff argues that there is no "same page" rule where a treating doctor's opinion must be explained in the same document.  Plaintiff misunderstands the Report.  The Magistrate Judge did not create any "same page" rule.  The Report stated that the Dr. Grossman's functional assessment was neither explained in the document nor explained by his treatment notes.  In other words, the Magistrate Judge searched for objective medical evidence, both in the opinion itself and in Dr. Grossman's

1

treatment notes, to support Dr. Grossman's opinion.  Instead, the Magistrate Judge found substantial evidence supporting the ALJ's giving Dr. Grossman's opinion little weight.  Dr. Grossman's treatment notes outright contradicted his assessment made over a year after he stopped seeing the Plaintiff, without any explanation given for the difference.  Furthermore, the very MRI that Plaintiff contends supports Dr. Grossman's opinion was earlier disregarded by Dr. Grossman as an objective finding to support Plaintiff's complaints of pain and limitations.  Substantial evidence existed for the ALJ to accord Dr. Grossman's opinion little weight.

Plaintiff also objects to the Report's finding that substantial evidence supported the ALJ's determination that Dr. Ribbler's opinion should be accorded little weight.   First, Plaintiff argues that the ALJ erred in giving Dr. Ribbler's opinion less weight because the Plaintiff was referred to Dr. Ribbler by her attorney.  In *Miles v. Chater*, the Eleventh Circuit found that the plaintiff was entitled to a new hearing before another ALJ when the initial ALJ stated that the attorney-referred physician's "examinations for [plaintiff's attorney] almost invariably conclude that the person being examined is totally disabled." 84 F.3d 1397, 1399 (11th Cir. 1996).  The error the Eleventh Circuit found was that the ALJ showed bias because he considered evidence not in the record (i.e., how the attorney-referred physician  "almost invariably conclude[s]").  This case is distinguishable in that there is no reason to believe that the ALJ considered evidence not in the record.  That Plaintiff was referred to Dr. Ribbler is in the record, and the Magistrate Judge did not err in noting that it is "not necessarily altogether irrelevant."  The Report put Dr. Ribbler's opinion in context : no other doctor that the Plaintiff saw recommended that the Plaintiff needed psychiatric treatment.   The Report did not suggest that an attorney-referred physician' opinion should be generally disregarded, but only stated that the context gave the ALJ a substantial basis

2

to accord Dr. Ribbler's opinion little weight.  Furthermore, the record confirms what the ALJ found: that the Plaintiff performed in the average range on virtually all tests, and Dr. Ribbler's assessment relied primarily on self-reporting and conflicted with some of the evidence.  For example, Dr. Ribbler noted that Plaintiff scored in the average range on interpersonal scales, yet he rated her ability to deal with public, interact with supervisors, and relate predictably in social situations as "poor".[1]  Although the self-reporting did provide evidence to support Dr. Ribbler's assessment, we find that the ALJ had substantial evidence to support a determination that his opinion should be given little weight.

The Plaintiff also argues that the Report should have found error in the ALJ's failure to "develop the detailed demands of past work."  As the Magistrate Judge found, the Plaintiff admitted that an accurate description of her work is that of "office manager", which is a skilled, sedentary occupation.

Plaintiff also disagrees with the Report's treatment of the ALJ's determination her credibility.  Plaintiff argues that the ALJ did not explain what evidence was inconsistent with the Plaintiff's descriptions of pain.  Plaintiff points to the degenerative disease appearance in the MRI as fully explaining Plaintiff's claims of pain and disability.  However, the ALJ stated that the objective medical evidence supported Plaintiff's alleged symptoms, but the evidence in the record did not support Plaintiff's claims of their intensity and limiting effects.  The ALJ had substantial evidence in the record to make that determination.  Despite Plaintiff's assertions, Dr.

---

[1] We do agree with the Plaintiff that one inconsistency the Report noted was only a minor one: that at one point Dr. Ribbler wrote that the Plaintiff needed to take breaks every 20 minutes, but wrote elsewhere that it was every 30 minutes.  Nonetheless, substantial evidence supported the ALJ's decision to accord Dr. Ribbler's opinion little weight.

Grossman did not in fact state that degenerative disc problems Plaintiff exhibited explained the pain she reported; he stated that the objective medical evidence did not explain the level of pain Plaintiff described.

This Court agrees with the reasoning and analysis of the Magistrate Judge that the Defendant's Motion for Summary Judgment should be granted and the Plaintiff's Motion for Summary Judgment be denied.  Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Magistrate Judge's Report and Recommendation [DE 22] is hereby **ADOPTED**;

2.  Plaintiff Tracy Schiano's Objection to the Report and Recommendation [DE 24] are hereby **OVERRULED**;

3.  Defendant's Motion for Summary Judgment [DE 18] is hereby **GRANTED**;

4.  Plaintiff's Motion for Summary Judgment [DE 13] is hereby **DENIED**;

5.  The decision of the Commissioner that the Claimant is not under a "disability" as defined in the Social Security Act is hereby **AFFIRMED**;

6.  All other pending motions are hereby denied as moot;

7.  The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of June, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Rosenbaum

Counsel of record